162 So. 924

### Ida Bell MITCHELL v. STATE.

8 Div. 195.

Court of Appeals of Alabama.
June 25, 1935.

Powell & Powell, of Hartselle, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant and her husband, Frank O. Mitchell, were jointly indicted, charged with the offense of arson, specifically, that they willfully set fire to or burned or caused to be burned or aided or procured the burning of a dwelling house, the property of Cumy Mitchell, etc.

At the conclusion of the evidence, after the state and defendant had both closed, the court, at request of the accused Frank O. Mitchell, directed a verdict in his favor by giving the following charge in writing to the jury: "I charge you gentlemen if you believe the evidence in this case, you must find the defendant, F. O. Mitchell, not guilty." This appellant requested a similar charge in her behalf, but said charge was refused by the trial court.

After a careful and attentive consideration of the entire evidence in this case and viewing same under the well-settled rule of legal presumption, we are of the opinion that the court properly instructed the jury to render a verdict of "not guilty" as to the defendant Frank O. Mitchell. We are, however, at a loss to understand why the similar charge was refused to this appellant by the trial court. This was a joint accusation which charged that the two per-

sons named in the indictment jointly committed the act complained of. If there could be a differentiation, it seems to us that the evidence adduced upon the trial as against the husband was stronger and more incriminating than that against this appellant. The evidence for the state as a whole, as to both of the 'accused persons, in our opinion fell far short of measuring up to the required rule; that is to say, of showing beyond a reasonable doubt and to a moral certainty that the crime as charged was committed by the two persons charged. As we read and construe the evidence in its most unfavorable aspect or phase, it is barely sufficient to create even a suspicion as to the guilt of this man and woman. The trial court held, as a matter of law, that, as to the man, the state had failed to meet the burden of proof necessary to a conviction. We are of the opinion that the court should have held likewise as to this appellant and that error prevailed in refusing to her the general affirmative charge requested in writing.

Reversed and remanded.